# David Miller and Valentine Faulkner, appellees, *vs.* Henry L. McGuire, appellant.

### *Appeal from Louisa.*

Where a defendant in a suit at law, neglects to plead his legal defence in bar to the action, he cannot make the substance of such defence, a ground for the interposition of the Chancery Court, to injoin the collection of the money on said judgment.

Where the bill alleges new and material testimony, discovered after the trial at law, the substance of that testimony should be set out.

David Miller and Valentine Faulkner, filed their bill against Henry L. McGuire, in the District Court of Louisa county. The grounds of complaint were that McGuire had sold to complainant, Miller, a certain land "claim" for $150, and Miller with Faulkner his security executed a note for the same, payable 1st March 1837, and that McGuire at the same time executed to Miller a bond of indemnity against all prior claims. That there was a verbal agreement between Miller and McGuire, that if he, Miller, was dispossessed by a prior claimant, that the note was to be cancelled; that this agreement was made when the parties were alone, and that he supposed the bond of indemnity contained this stipulation, as neither of the complainants can read writing, &c. The complainants charge that at the time of sale, McGuire knew that one James Erwin had an older and a better right to the claim, that said Erwin lawfully obtained possession of the premises, and that in consequence the consideration of the note had entirely failed. That judgment had been obtained on said note because the complainants had no adequate defence at law. That since the judgment, testimony not known at the time of trial had been discovered. That McGuire had removed from the territory, and resided in parts unknown to complainants, and that they were without remedy at law upon the bond of indemnity. Injunction prayed and obtained.

To this bill there was a general demurrer which was overruled; and at the November term 1840, the injunction was made perpetual, and a decree against the defendant for costs.

The defendant by attorney appealed to the Supreme Court.

LEARNED, for complainants.

GRIMES, for defendant.

PER CURIAM, MASON CHIEF JUSTICE.—This case must follow the fate of Faulkner vs. Campbell, just decided, and for the same reason. It only differs from that case in one particular. The bill containes in a general and vague way an allegation of newly discovered testimony. This is not sufficient. The newly discovered testimony should have been set forth, that the court might judge of its materiality. The decree of the court below will therefore be reversed, the demurrer sustained and the bill dismissed.